**FILED**
CLERK, U.S. DISTRICT COURT

JUNE 27, 2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ YS _____ DEPUTY

1  **BOKHOUR LAW GROUP, P.C.**
Mehrdad Bokhour (SBN 285256)
2  *mehrdad@bokhourlaw.com*
Anwar D. Burton, Esq. (SBN 253504)
3  *anwar@bokhourlaw.com*
1901 Avenue of the Stars, Suite 450
4  Los Angeles, California 90067
Phone: (310) 975-1493
5  Fax: (310) 675-0861

6  Attorneys for Plaintiff, the Putative Class, and the Aggrieved Employees

7

8                **UNITED STATES DISTRICT COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10  GLORIA LOPEZ QUIJANO, an individual,        CASE NUMBER: 2:22-cv-01250-TJH-SHK

11  on behalf himself, the State of California, as    **FIRST AMENDED CLASS AND**
**REPRESENTATIVE ACTION**
12  a private attorney general, and on behalf of    **COMPLAINT FOR:**

13  all others similarly situated,

14            Plaintiff,                        **1.**  Failure to Pay All Minimum Wages,

15            v.                                **2.**  Failure to Pay All Overtime Wages,

16                                              **3.**  Failure to Provide Rest Periods and Pay
Missed Rest Period Premiums,
17  GXO LOGISTICS SUPPLY CHAIN, INC.

fka XPO LOGISTICS SUPPLY CHAIN.,          **4.**  Failure to Provide Meal Periods and Pay
18  INC.; and DOES 1 TO 50,                          Missed Meal Period Premiums,

19            Defendants.                       **5.**  Failure to Maintain Accurate Employment
Records,
20
**6.**  Failure to Pay Wages Timely during
21                                                     Employment,

22                                              **7.**  Failure to Pay All Wages Earned and
Unpaid at Separation,
23
**8.**  Failure to Reimburse Business Expenses,
24
**9.**  Failure to Furnish Accurate Itemized
25                                                     Wage Statements,

26                                              **10.**  Unfair Competition Law, and

27                                              **11.**  PAGA Penalties

28                                              **DEMAND FOR JURY TRIAL**

First Amended Class and PAGA Representative Action Complaint

Plaintiff GLORIA LOPEZ QUIJANO ("Plaintiff"), on behalf of herself, the State of California, as a private attorney general, and all other similarly situated employees within the State of California, complains and alleges of defendant GXO Logistics Supply Chain, Inc. fka XPO Logistics Supply Chain., Inc.; and Does 1 to 50 (collectively, "Defendant") as follows:

**I.    INTRODUCTION**

1.    This is a class action complaint brought pursuant to California Code of Civil Procedure section 382.

2.    To the extent that the claims plead in this action are encompassed by the judgment entered in *Emerita Corado-Cortez v. XPO Logistics, Inc.,* Case No. 19-CV-00670-TJH (SHKx), the "Class Period" as used herein, is defined as the period from October 30, 2020, and continuing into the present and ongoing.  Defendants' violations of California's laws as described more fully below have been ongoing throughout the Class Period and are still ongoing.

3.    Plaintiff brings this class action on behalf of herself and the following class: *All individuals who are or were employed by Defendants as non-exempt employees in California during the Class Period* (the "Class Members").  (Code Civ. Proc., § 382.)

4.    Plaintiff brings this action on behalf of herself and the Class Members, as a class action, against Defendants for:

    A.    Failure to pay all minimum wages,

    B.    Failure to pay all overtime wages,

    C.    Failure to provide rest periods and pay missed rest period premiums,

    D.    Failure to provide meal periods and pay missed meal period premiums,

    E.    Failure to maintain accurate employment records,

    F.    Failure to pay wages timely during employment,

    G.    Failure to pay all wages earned and unpaid at separation,

    H.    Failure to indemnify all necessary business expenditures,

    I.    Failure to furnish accurate itemized wage statements, and

FIRST AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT

1             J.       Violations of California's Unfair Competition Law ("UCL") (Bus. & Prof.

2    Code, §§ 17200–17210).

3       5.      This action is also a representative action brought pursuant to the California Labor

4    Code Private Attorneys General Act of 2004 ("PAGA"), codified at California Labor Code

5    sections 2698 through 2699.6.

6       6.      The "PAGA Period" as used herein, is defined as the period from the filing of this

7    action and continuing into the present and ongoing.

8       7.      This PAGA action is brought on behalf of Plaintiff, the State of California as private

9    attorney general, and on behalf of the following aggrieved employees: *All individuals who are or*

10   *were employed by Defendants as non-exempt employees in California during the PAGA Period*

11   (the "Aggrieved Employees").

12      8.      Plaintiff is informed and believes and thereon alleges that the California Industrial

13   Welfare Commission ("IWC") Wage Orders applicable to the facts of this case are IWC Wage

14   Orders 1-2001 and/or 9-2001 (the "Applicable Wage Orders") and possibly others that may be

15   applicable.  (Cal. Code of Regs., tit. 8, §§ 11130, 11140.)  Plaintiff reserves the right to amend or

16   modify the definition of "Applicable Wage Orders" with greater specificity or add additional IWC

17   Wage Orders if additional applicable wage orders are discovered in litigation.

18   **II.**      **JURISDICTION & VENUE**

19      9.      This Court has subject matter jurisdiction over all causes of action asserted herein

20   pursuant to Article VI, section 10, of the California Constitution and Code of Civil Procedure

21   section 410.10 because this is a civil action in which the matter in controversy, exclusive of

22   interest, exceeds $25,000, and because each cause of action asserted arises under the laws of the

23   State of California or is subject to adjudication in the courts of the State of California.

24      10.    This Court has personal jurisdiction over Defendants because Defendants have

25   caused injuries in the County of Los Angeles and the State of California through their acts, and by

26   their violation of the California Labor Code and California state common law.  Defendants transact

27   millions of dollars of business within the State of California.  Defendants own, maintain offices,

28

First Amended Class and PAGA Representative Action Complaint

transact business, have an agent or agents within the County of Los Angeles, and/or otherwise are found within the County of Los Angeles, and Defendants are within the jurisdiction of this Court for purposes of service of process.

11.     Venue as to Defendants is proper in this judicial district, pursuant to section 395 of the Code of Civil Procedure.  Defendants operate within California and do business within Los Angeles County, California.  The unlawful acts alleged herein have a direct effect on Plaintiff and all of Defendants' employees identified above within Los Angeles County and surrounding counties where Defendants may remotely operate.

12.     Defendant removed this action to this Court under the Class Action Fairness Act. (28 U.S.C. § 1332.)

### III.     THE PARTIES

#### A.     PLAINTIFF

13.     At all relevant times, Plaintiff, who is over the age of 18, was and currently is a citizen of California residing in the State of California.  Defendants employed Plaintiff as a non-exempt hourly employee.

14.     Plaintiff brings this action on behalf of herself and the following class pursuant to section 382 of the Code of Civil Procedure as follows: *All individuals who are or were employed by Defendants as non-exempt employees in California during the Class Period* (the "Class Members").

15.     Plaintiff also brings this action on behalf of herself and the State of California, as a private attorney general, and on behalf of the following group of aggrieved employees: *All individuals who are or were employed by Defendants as non-exempt employees in California during the PAGA Period* (the "Aggrieved Employees").

16.     The Class Members and the Aggrieved Employees, at all times pertinent hereto, are or were employees of Defendants during the relevant statutory period.

FIRST AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT

**B.**    **DEFENDANTS**

17.    Plaintiff is informed and believes and thereon alleges that Defendants were authorized to and doing business in Los Angeles County and is and/or was the legal employer of Plaintiff, the other Aggrieved Employees, and the other Class Members during the applicable statutory periods.  Plaintiff, the other Aggrieved Employees, and the other Class Members were, and are, subject to Defendants' policies and/or practices complained of herein and have been deprived of the rights guaranteed to them by: California Labor Code sections 201, 202, 203, 204, 210, 226, 226.3, 226.7, 510, 512, 1174, 1185, 1194, 1194.2, 1197, 1197.1, 1198, 1198.5, 1199, 2802, and others that may be applicable; California Business and Professions Code sections 17200 through 17210 ("UCL"); and the Applicable Wage Orders (Cal. Code of Regs., tit. 8, §§ 11130, 11140).

18.    Plaintiff is informed and believes, and based thereon alleges, that during the Class Period and PAGA Period, Defendants did (and continue to do) business in the State of California, County of Los Angeles.

19.    Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the defendants sued herein as Does 1 to 50, inclusive, and for that reason, said defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to amend this complaint when such true names and capacities are discovered.  Plaintiff is informed, and believes, and thereon alleges, that each of said fictitious defendants, whether individual, partners, or corporate, were responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiff, the other Aggrieved Employees, and the other Class Members to be subject to the unlawful employment practices, wrongs, injuries, and damages complained of herein.

20.    Plaintiff is informed, and believes, and thereon alleges, that at all times mentioned herein, Defendants were and/or are the employers of Plaintiff, the other Aggrieved Employees, and the other Class Members.  At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants.

First Amended Class and PAGA Representative Action Complaint

Furthermore, the Defendants, and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment. Defendants, and each of them, approved of, condoned, or otherwise ratified every one of the acts or omissions complained of herein.

21.    At all relevant times, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise.  Further, Plaintiff is informed, and believes, and thereon alleges, that all Defendants were joint employers for all purposes of Plaintiff, the other Aggrieved Employees, and the other Class Members.

**IV.**    **COMMON FACTS & ALLEGATIONS**

22.    Plaintiff and the other Class Members (collectively, the "Class Members") are, and were at all relevant times, employed by the Defendants within the State of California.

23.    Likewise, Plaintiff and the other Aggrieved Employees (collectively, the "Aggrieved Employees") are, and were at all relevant times, employed by the Defendants within the State of California.

24.    The Class Members and the Aggrieved Employees are, and were, at all relevant times, non-exempt employees for the purposes of minimum wages, overtime, rest breaks, meal periods, and the other claims alleged in this complaint.

25.    Specifically, Plaintiff was employed by Defendants within the statutory Class Period and PAGA Period, working as an hourly, non-exempt laborer for Defendants.  Plaintiff's duties included general labor, packaging, warehousing needs, maintenance, and other tasks at Defendants' facilities throughout California.

**A.**    **MINIMUM WAGE VIOLATIONS**

26.    Labor Code section 1197 requires employees to be paid at least the minimum wage fixed by the IWC, and any payment of less than the minimum wage is unlawful.  Similarly, Labor Code section 1194 entitles "any employee receiving less than the legal minimum wage . . . to

1    recover in a civil action the unpaid balance of the full amount of this minimum wage." Likewise,

2    the Applicable Wage Orders also obligate employers to pay each employee minimum wages for

3    all hours worked. (Cal. Code of Regs., tit. 8, §§ 11130, 11140.) Labor Code section 1198 makes

4    unlawful the employment of an employee under conditions that the IWC Wage Orders prohibit.

5         27.    These minimum wage standards apply to each hour that employees work.

6    Therefore, an employer's failure to pay for any particular time worked by an employee is unlawful,

7    even if averaging an employee's total pay over all hours worked, paid or not, results in an average

8    hourly wage above minimum wage. (*Armenta v. Osmose, Inc.* (2005) 135 Cal.App.4th 314, 324.)

9         28.    Here, Defendants failed to fully conform their pay practices to the requirements of

10   the law during the relevant statutory periods. The Class Members and the Aggrieved Employees

11   were not compensated for all hours worked including, but not limited to, all hours they were subject

12   to the control of Defendants and/or suffered or permitted to work under the California Labor Code

13   and the Applicable Wage Orders. Among other violations, the Class Members and the Aggrieved

14   Employees were subject to the control of Defendants while off-the-clock and did not receive

15   minimum wage for each hour worked.

16        29.    Additionally, the Class Members and the Aggrieved Employees were not paid all

17   wages for all hours worked due to Defendants' uniform payroll policies and practices that unfairly

18   rounded employees' wages to the detriment of the Class Members and the Aggrieved Employees.

19   This rounding policy routinely failed to capture the entirety of the hours the Class Members and

20   the Aggrieved Employees worked and was structured in a way that in favored underpayment. (See

21   *See's Candy Shops, Inc. v. Superior Court* (2012) 210 Cal.App.4th 889, 907.) As a result, the

22   Class Members and the Aggrieved Employees suffered periodic shortages in the hours for which

23   they were compensated. This uncompensated time violated California's requirement that

24   employees be compensated for all hours worked. As a result of this practice, the Class Members

25   and the Aggrieved Employees were not compensated their minimum wages for all hours worked.

26        30.    Labor Code sections 1194, subdivision (a), and 1194.2, subdivision (a), provide

27   that an employer who has failed to pay its employees the legal minimum wage is liable to pay

28

FIRST AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT

1  those employees the unpaid balance of the unpaid wages as well as liquidated damages in an

2  amount equal to the wages due and interest thereon.

3      31.    When employees, such as the Class Members, are not paid for all hours worked

4  under Labor Code section 1194, they are entitled to recover minimum wages for the time which

5  they received no compensation.  (See *Sillah v. Command International Security Services* (N.D.

6  Cal. 2015) 154 F.Supp.3d 891 [employees suing for failure to pay overtime could recover

7  liquidated damages under Labor Code section 1194.2 if they also showed they were paid less than

8  minimum wage].)

9      32.    Labor Code section 1197.1 authorizes employees who are paid less than the

10  minimum wage fixed by an applicable state or local law, or by an order of the IWC, a civil penalty,

11  among other damages, as follows:

12          (1)    "For any initial violation that is intentionally committed, one

13                 hundred dollars ($100) for each underpaid employee for each pay

14                 period for which the employee is underpaid."

15          (2)    "For each subsequent violation for the same specific offense,

16                 two hundred fifty dollars ($250) for each underpaid employee for

17                 each pay period for which the employee is underpaid regardless of

18                 whether the initial violation is intentionally committed."  (Lab.

19                 Code, § 1197.1, subd. (a).)

20      33.    As set forth above, Defendants failed to fully compensate the Class Members and

21  the Aggrieved Employees for all minimum wages.  Accordingly, the Class Members are entitled

22  to recover liquidated damages for violations of Labor Code section 1197.1.

23      34.    Based upon these same factual allegations, the Class Members are likewise entitled

24  to penalties under Labor Code sections 1199.

25  **B.    OVERTIME VIOLATIONS**

26      35.    Labor Code section 510 requires employers to compensate employees who work

27  more than eight hours in one workday, forty hours in a workweek, and for the first eight hours

28

FIRST AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT

worked on the seventh consecutive day no less than one and one-half times the regular rate of pay for an employee.  (Lab. Code, § 510, subd. (a).)  Further, Labor Code section 510 obligates employers to compensate employees at no less than twice the regular rate of pay when an employee works more than twelve hours in a day or more than eight hours on the seventh consecutive day of work.  (Lab. Code, § 510, subd. (a).)  These rules are also reflected in the Applicable Wage Orders.

36.    In accordance with Labor Code section 1194 and the Applicable Wage Orders, the Class Members could not then agree and cannot now agree to work for a lesser wage than the amount provided by Labor Code sections 510 or the Applicable Wage Orders.

37.    Here, Defendants violated their duty to accurately and completely compensate the Class Members for all overtime worked.  The Class Members periodically worked hours that entitled them to overtime compensation under the law but were not fully compensated for those hours.

38.    Moreover, during the relevant statutory periods, Defendants had a policy and practice of failing to pay overtime wages at the proper rate when it actually paid overtime. Specifically, when Defendants paid overtime wages to the Class Members, Defendants failed to include all compensation when calculating the regular rate of pay used in overtime calculations and when paying overtime.

39.    For instance, the Class Members would often receive, along with their hourly rates of pay for their working hours, additional renumeration and/or non-discretionary bonus pay. Defendants, however, calculated the regular rate of pay for the Class Members without factoring into the regular rate of pay all other non-hourly pay earnings received during the pay period.  As a result, the Class Members were underpaid overtime wages when they worked in excess of eight hours in any workday and/or forty hours in a workweek when such additional forms of renumeration were earned.  By its practice of periodically requiring the Class Members to work in excess of eight hours in a workday and/or forty hours in a workweek without compensating them

FIRST AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT

1    at the rate of one and one-half (1½) their regular rate of pay, Defendants willfully violated the

2    provisions of Labor Code sections 510, 1194, and 1199.

3         40.    These actions were and are in clear violation of California's overtime laws as set

4    forth in Labor Code sections 510, 1194, 1199, and the Applicable Wage Orders.  (Cal. Code of

5    Regs., tit. 8, §§ 11050, 11070.)  As a result of Defendants' faulty policies and practices, the Class

6    Members were not compensated for all hours worked or paid accurate overtime compensation.

7         **C.    REST BREAK VIOLATIONS**

8         41.    Pursuant to Labor Code section 226.7 and the Applicable Wage Orders, Defendants

9    were and are required to provide the Class Members and the Aggrieved Employees with

10   compensated, duty-free rest periods of not less than ten minutes for every major fraction of four

11   hours worked.  Under the Applicable Wage Orders, an employer must authorize and permit all

12   employees to take ten minute duty free rest periods for every major fraction of four hours worked.

13   (Cal. Code of Regs., tit. 8, §§ 11130, 11140.)

14        42.    Likewise, Labor Code section 226.7 provides that "[a]n employer shall not require

15   an employee to work during a meal or rest or recovery period mandated pursuant to an applicable

16   statute, or applicable regulation, standard, or order of the Industrial Welfare Commission . . . ."

17   (Lab. Code, § 226.7, subd. (b).)  Labor Code section 226.7 also provides that employers must pay

18   their employees one additional hour of pay at the employee's regular rate for each workday that a

19   "meal or rest or recovery period is not provided." (Lab. Code, § 226.7, subd. (c).)  Thus, the Wage

20   Orders set when and for how long the rest period must take place and the Labor Code establishes

21   that violations of the IWC Wage Orders are unlawful and sets forth the premium pay employer

22   must pay their employees when employers fail to provide rest periods.

23        43.    The California Supreme Court has held that, during required rest periods,

24   "employers must relieve their employees of all duties and relinquish any control over how

25   employees spend their break time." (*Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th

26   257, 260.)  Relinquishing control over employees during rest periods requires that employees be

27   "free to leave the employer's premises" and be "permitted to attend to personal business." (*Id.* at

28

p. 275.)  The *Brinker* Court explained in the context of rest breaks that employer liability attaches from adopting an unlawful policy:

> "An employer is required to authorize and permit the amount of rest break time called for under the wage order for its industry.  If it does not—if, for example, it adopts a uniform policy authorizing and permitting only one rest break for employees working a seven-hour shift when two are required—it has violated the wage order and is liable."  (*Brinker Rest.  Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1033.)

44.    Here, Defendants periodically did not permit the Class Members and the Aggrieved Employees to take compliant duty-free rest breaks, free from Defendants' control as required by Labor Code section 226.7, the Applicable Wage Orders, and applicable precedent.  (See *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257, 269 [concluding that "during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time."].)  At all relevant times, the Class Members and the Aggrieved Employees were periodically not provided with legally-compliant and timely rest periods of at least ten minutes for each four hour work period, or major fraction thereof due to Defendants' unlawful rest period policies/practices.  The Class Members and the Aggrieved Employees were often expected and required to continue working through rest periods to meet the expectations Defendants and finish the workday.  In some cases when the Class Members and the Aggrieved Employees worked more than ten hours in a shift, Defendants failed to authorize and/or permit a third mandated rest period.  As a result, the Class Members and the Aggrieved Employees were periodically unable to take compliant rest periods.

45.    In such cases where Defendants did not offer the Class Members and the Aggrieved Employees the opportunity to receive a compliant off-duty rest period, "the court may not conclude employees voluntarily chose to skip those breaks."  (*Alberts v. Aurora Behavioral Health Care* (2015) 241 Cal.App.4th 388, 410 (2015) ["If an employer fails to provide legally compliant meal or rest breaks, the court may not conclude employees voluntarily chose to skip those breaks."];

FIRST AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT

*Brinker Rest.  Corp. v. Superior Court*, *supra*, 53 Cal.4th at p. 1033 ["No issue of waiver ever arises for a rest break that was required by law but never authorized; if a break is not authorized, an employee has no opportunity to decline to take it."].)

46.     In addition to failing to authorize and permit compliant rest periods, the Class Members and the Aggrieved Employees were not compensated with one hour's worth of pay at their regular rate of compensation when they were not provided with a compliant rest period in accordance with Labor Code section 226.7, subdivision (c).  Thus, Defendants have violated Labor Code section 226.7 and the Applicable Wage Orders.

47.     Based on the foregoing, Plaintiff seeks to recover, on behalf of himself and other non-exempt employees, rest period premiums and penalties.

**D.     MEAL BREAK VIOLATIONS**

48.     Labor Code section 512 and the Applicable Wage Orders require employers to provide employees with a thirty-minute uninterrupted and duty-free meal period within the first five hours of work.  (Lab. Code, § 512, subd. (a) ["An employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes . . . ."]; Cal. Code of Regs., tit. 8, §§ 11130, 11140 ["No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes . . . ."].)  Additionally, an employee who works more than ten hours per day is entitled to receive a second thirty-minute uninterrupted and duty-free meal period.  (Lab. Code, § 512, subd. (a) ["An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes . . . ."].)

49.     "An on-duty meal period is permitted only when the nature of the work prevents an employee from being relieved of all duty and the parties agree in writing to an on-duty paid meal break."  (*Lubin v. The Wackenhut Corp.* (2016) 5 Cal.App.5th 926, 932.)  The written agreement must include a provision allowing the employee to revoke it at any time.  (*Ibid.*)  Generally, the California Department of Industrial Relations, Division of Labor Standards Enforcement

("DLSE") and courts have "found that the nature of the work exception applies: (1) where the work has some particular external force that requires the employee to be on duty at all times, and (2) where the employee is the sole employee of a particular employer." (*Id.* at p. 945, internal quotation marks omitted; *Abdullah v. U.S. Security Associates, Inc.* (9th Cir. 2013) 731 F.3d 952, 958–959.)  "[I]t is the employer's obligation to determine whether the nature of the work prevents an employee from being relieved before requiring an employee to take an on-duty meal period." (*Lubin v. The Wackenhut Corp.*, *supra*, 5 Cal.App.5th at p. 946.)

50.     Here, the Class Members and the Aggrieved Employees were never asked to sign any enforceable document agreeing to an on-duty meal period.  Moreover, nothing in the nature of their work involved the kind of "external force" that might justify on-duty meal breaks.  (*Lubin v. The Wackenhut Corp.*, *supra*, 5 Cal.App.5th at p. 945.)  Nevertheless, Defendants periodically did not provide compliant off-duty meal periods within the first five hours of work for the Class Members and the Aggrieved Employees.

51.     As with rest breaks, meal breaks must be duty-free.  (*Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1035 ["The IWC's wage orders have long made a meal period's duty-free nature its defining characteristic."].)  Relinquishing control over employees during meal periods requires that employees be "free to leave the employer's premises" and be "permitted to attend to personal business." (*Augustus v. ABM Security Services, Inc.*, *supra*, 2 Cal.5th at p. 275.)  Under Labor Code section 512, if an employer maintains a uniform policy that does not authorize and permit the amount of meal time called for under the law (as specified in the Labor Code and/or applicable IWC Wage Order), "it has violated the wage order and is liable." (*Brinker Restaurant Corp. v. Superior Court*, *supra*, 53 Cal.4th at p. 1033.)

52.     During the applicable statutory periods here, the Class Members and the Aggrieved Employees were periodically denied legally-compliant and timely off-duty meal periods of at least thirty minutes due to Defendants' unlawful meal period policy and practices.  As a result of Defendants' uniform meal period policies and practices, the Class Members and the Aggrieved Employees were often not permitted to take complaint first meal periods before the end of the fifth

hour of work.  The Class Members and the Aggrieved Employees were also periodically not permitted to take second meal periods for shifts in excess of ten hours.  Defendants thus violated Labor Code section 512 and the Applicable Wage Orders by failing to advise, authorize, or permit the Class Members and the Aggrieved Employees to receive thirty-minute, off-duty meal periods within the first five hours of their shifts.

53.     Labor Code section 226.7 provides that "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission."  (Lab. Code, § 226.7, subd. (b).)  Labor Code section 226.7, subdivision (c), and the Applicable Wage Orders further obligate employers to pay employees one additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.  (Lab. Code, § 226.7, subd. (c); Cal. Code of Regs., tit. 8, §§ 11130, 11140 ["If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."].)

54.     Accordingly, for each day that the Class Members and the Aggrieved Employees did not receive compliant meal periods, they were and are entitled to receive meal period premiums pursuant to Labor Code section 226.7 and the Applicable Wage Orders.  Defendants, however, failed to pay the Class Members and the Aggrieved Employees applicable meal period premiums for many workdays that the employees did not receive a compliant meal period.  Thus, Defendants have violated Labor Code section 226.7 and the Applicable Wage Orders.

55.     Based on the foregoing, Plaintiff seeks to recover, on behalf of himself and other non-exempt employees, meal period premiums and penalties.

**E.     FAILURE TO REIMBURSE BUSINESS EXPENSES**

56.     At all relevant times herein, Defendants were subject to Labor Code section 2802, which states that "an employer shall indemnify his or her employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or

of his or her obedience to the directions of the employer." The purpose of this section is to "prevent employers from passing along their operating expenses onto their employees." (*Gattuso v. Harte-Hanks Shoppers, Inc.* (2007) 42 Cal.4th 554, 562.)

57. At all relevant times herein, Defendants were subject to Labor Code section 2804, which states that "any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof, is null and void, and this article shall not deprive any employee or his personal representative of any right or remedy to which he is entitled under the laws of this State."

58. Thus, the Class Members were and are entitled to reimbursement for the expenses they incurred during the course of their duties. The duty to reimburse even extends to the use of equipment the employee may already own and would be required to pay for anyway. (*Cochran v. Schwan's Home Serv., Inc.* (2014) 228 Cal.App.4th 1137, 1144 ["The threshold question in this case is this: Does an employer always have to reimburse an employee for the reasonable expense of the mandatory use of a personal cell phone, or is the reimbursement obligation limited to the situation in which the employee incurred an extra expense that he or she would not have otherwise incurred absent the job? The answer is that reimbursement is always required. Otherwise, the employer would receive a windfall because it would be passing its operating expenses on to the employee."].)

59. Here, Defendants failed to fully reimburse the Class Members for necessary expenditures incurred as a direct consequence and requirement of performing their job duties, including the costs associated with their personal cell phone they required to perform their work. Consequently, Defendants failed to comply with Labor Code section 2802

**F.      UNTIMELY WAGES DURING EMPLOYMENT**

60. Labor Code section 204 expressly requires employers who pay employees on a weekly, biweekly, or semimonthly basis to pay all wages "not more than seven calendar days following the close of the payroll period." Labor Code section 210, subdivision (a), makes employers who violate Labor Code section 204 subject to a penalty of:

1     "(1)     For any initial violation, one hundred dollars ($100) for each

2     failure to pay each employee.

3     "(2)     For each subsequent violation, or any willful or intentional

4     violation, two hundred dollars ($200) for each failure to pay each

5     employee, plus 25 percent of the amount unlawfully withheld."

6     (Lab. Code, § 210, subd. (a).)

7     61.    Notably, the penalty provided by Labor Code section 210 is "[i]n addition to, and

8     entirely independent and apart from, any other penalty provided in this article . . . ."  (Lab. Code,

9     § 210, subd. (a).)

10    62.    Due to Defendants' failure to pay the Class Members and the Aggrieved Employees

11    the wages described above, along with rest and meal break premiums, Defendants failed to timely

12    pay the Class Members and the Aggrieved Employees within seven calendar days following the

13    close of payroll in accordance with Labor Code section 204 on a regular and consistent basis.  (See

14    *Parson v. Golden State FC, LLC* (N.D. Cal., May 2, 2016, No. 16-CV-00405-JST) 2016 WL

15    1734010, at p. *3–5, 2016 U.S. Dist. LEXIS 58299 [finding that a failure to pay rest period

16    premiums can support claims under Labor Code sections 203 and 204].)

17    **G.     UNTIMELY WAGES AT SEPARATION**

18    63.    Labor Code section 203 provides "if an employer willfully fails to pay . . . any

19    wages of an employee who is discharged or who quits, the wages of the employee shall continue

20    as a penalty" for up to thirty days.  (Lab. Code § 203; *Mamika v. Barca* (1998) 68 Cal.App.4th

21    487, 492.)  As a result of Defendants' failure to pay the Class Members and the Aggrieved

22    Employees for the wages described above, along with rest and meal break premiums, Defendants

23    violated and continue to violate Labor Code section 203.

24    64.    Due to Defendants' faulty pay policies, those former Class Members whose

25    employment with Defendants concluded were not compensated for each and every hour worked

26    at the appropriate rate.  Defendants have failed to pay former Class Members whose sums were

27

28

FIRST AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT

1  certain at the time of termination within seventy-two hours of their resignation and have failed to

2  pay those sums for thirty days thereafter.

3    **H.    WAGE STATEMENT VIOLATIONS**

4    65.    Defendants also failed to provide accurate itemized wage statements in accordance

5  with Labor Code sections 226, subdivisions (a)(1), (2), (5), and (9).  Labor Code section 226,

6  subdivision (a), obligates employers, semi-monthly or at the time of each payment to furnish an

7  itemized wage statement in writing showing:

8                    (1)    The gross wages earned;

9                    (2)    The total hours worked by the employee;

10                   (3)    The number of piece-rate units earned and any applicable

11                          piece rate if the employee is paid on a piece rate basis;

12                   (4)    All deductions, provided that all deductions made on written

13                          orders of the employee may be aggregated and shown as one item;

14                   (5)    The net wages earned;

15                   (6)    The inclusive dates of the period for which the employee is

16                          paid;

17                   (7)    The name of the employee and only the last four digits of his

18                          or her social security number or an employee identification number

19                          other than a social security number;

20                   (8)    The name and address of the legal entity that is the employer;

21                          and

22                   (9)    All applicable hourly rates in effect during the pay period

23                          and the corresponding number of hours worked at each hourly rate

24                          by the employee.

25    66.    Due to Defendants' failure to pay the Class Members and the Aggrieved Employees

26  properly as described above, the wage statements issued do not indicate the correct amount of

27  gross wages earned, total hours worked, or the net wages earned, or the applicable hourly rates in

28

1  effect during the pay period and the corresponding number of hours worked at each hourly rate.

2  Thus, Defendants have violated Labor Code section 226, subdivisions (a)(1), (2), (5), and (9).

3       67.    In addition to Labor Code section 226, subdivision (a), Defendants also knowingly

4  and intentionally failed to provide the Class Members and the Aggrieved Employees with accurate

5  itemized wage statements in violation of Labor Code section 226, subdivision (e).  Defendants

6  knew that they were not providing the Class Members and the Aggrieved Employees with wage

7  statements required by California law but nevertheless failed to correct their unlawful practices

8  and policies.  (See *Garnett v. ADT LLC* (E.D. Cal. 2015) 139 F.Supp.3d 1121, 1134 [finding the

9  defendant knowingly and intentionally violated Labor Code section 226 because the "[d]efendant

10  knew that it was not providing total hours worked to plaintiff or other employees paid on

11  commission" even though it believed that employees paid solely on commission or commission

12  and salary "are exempt and therefore we do not record hours on a wage statement."].)

13  **I.    RECORDKEEPING VIOLATIONS**

14       68.    Labor Code section 226, subdivision (a), requires employers to keep an accurate

15  record of, among other things, all hours worked by employees.  Labor Code section 226.3 provides,

16  in pertinent part, as follows:

17         "Any employer who violates subdivision (a) of Section 226 shall be subject

18         to a civil penalty in the amount of two hundred fifty dollars ($250) per

19         employee per violation in an initial citation and one thousand dollars

20         ($1,000) per employee for each violation in a subsequent citation, for which

21         the employer fails to provide the employee a wage deduction statement or

22         fails to keep the records required in subdivision (a) of Section 226.  The

23         civil penalties provided for in this section are in addition to any other

24         penalty provided by law."  (Lab. Code, § 226.3, emphasis added.)

25       69.    Likewise, Labor Code section 1174, subdivision (d), requires every employer,

26  including Defendants, to:

27

28

"Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned." (Lab. Code, § 1174, subd. (d), emphasis added.)

70. As explained in detail above, Defendants failed to provide the Class Members and the Aggrieved Employees with accurate itemized wage statements. Defendants did so, in part, because they failed to accurately track hours worked by the Class Members and the Aggrieved Employees. Defendants have thus failed to keep accurate records of the "total hours worked by the employee[s]" in violation of Labor Code section 226, subdivision (a), and are therefore subject to the penalties provided by Labor Code section 226.3. These penalties are "in addition to any other penalty provided by law." (Lab. Code, § 226.3.)

71. The failure to accurately track hours worked also resulted in a failure of Defendants to keep a record of all "payroll records showing the hours worked daily by" Defendants' employees, including Plaintiff and the other Class Members, in violation of Labor Code section 1174, subdivision (d).

## V.    CLASS ACTION ALLEGATIONS

72. As mentioned above, Plaintiff brings this action on behalf of himself and the Class Members pursuant to section 382 of the Code of Civil Procedure.

73. **Numerosity/Ascertainability**: The Class Members are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the class is unknown to Plaintiff at this time; however, it is estimated that the number of Class Members is greater than

1    100 individuals.   The identity of such membership is readily ascertainable via inspection of

2    Defendants' employment records.

3         74.    **Common Questions of Law and Fact Predominate/Well Defined Community**

4    **of Interest**: There are common questions of law and fact as to Plaintiff and all other similarly

5    situated non-exempt employees, which predominate over questions affecting only individual

6    members including, without limitation to:

7              A.    Whether Defendants' pay policies/practices resulted in a failure to pay the

8         Class Members for all hours worked, including all minimum wages;

9              B.    Whether Defendants' pay policies/practices resulted in a failure to pay the

10        Class Members for all required overtime wages at the Class Members' regular rate of pay;

11             C.    Whether Defendants' rest period policies and practices afforded legally

12        compliant rest periods or compensation in lieu thereof;

13             D.    Whether Defendants' meal period policies and practices afforded legally

14        compliant meal periods or compensation in lieu thereof;

15             E.    Whether Defendants maintained accurate employment records;

16             F.    Whether Defendants timely paid all wages during employment;

17             G.    Whether Defendants timely paid all wages earned and unpaid at separation;

18             H.    Whether Defendants furnished legally-compliant wage statements to the

19        Class Members pursuant to Labor Code section 226; and

20             I.    Whether Defendants' violations of the Labor Code and the Applicable

21        Wage Orders amounted to a violation of California's UCL.

22        75.    **Predominance of Common Questions**: Common questions of law and fact

23   predominate over questions that affect only individual Class Members.  The common questions of

24   law set forth above are numerous and substantial and stem from Defendants' uniform policies and

25   practices applicable to each individual class member, such as Defendants' uniform policy and

26   practice of failing to pay for all hours worked, Defendants' uniform policies and practices which

27   failed to provide complaint rest periods, Defendants' uniform policies and practices which failed

28

FIRST AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT

to provide complaint meal periods, Defendants' failure to provide accurate itemized wage statements, and others.  As such, the common questions predominate over individual questions concerning each individual class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

76.    **Typicality**: The claims of Plaintiff are typical of the claims of the Class Members because Plaintiff was employed by Defendants as a non-exempt employee in California during the statute(s) of limitation applicable to each cause of action pleaded in this complaint.  As alleged herein, Plaintiff, like the other Class Members, was deprived of minimum, regular, and overtime wages because of Defendants' unlawful timekeeping policies and practices, was deprived of rest periods and premium wages in lieu thereof, was deprived of meal periods and premium wages in lieu thereof, was subject to Defendants' uniform rest period policies and practices, was subject to Defendants' uniform meal period policies and practices, was not provided accurate itemized wage statements, was not paid all wages in full and on time, and was subject to other similar policies and practices to which the Class Members were subject.

77.    **Adequacy of Representation**: Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the Class Members.  Moreover, Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the Class Members and Plaintiff.  Plaintiff's attorneys have prosecuted numerous wage-and-hour class actions in state and federal court in the past and are committed to vigorously prosecuting this action on behalf of the Class Members.

78.    **Superiority**: The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California.  These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.  The nature of this action and the format of laws available to Plaintiff and the Class Members make the class action format a particularly efficient and appropriate procedure to

FIRST AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT

redress the violations alleged herein.  If each employee were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources.

79.     Moreover, requiring each Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment.  Further, the prosecution of separate actions by the individual Class Members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual Class Members against Defendants herein, and which would establish potentially incompatible standards of conduct for Defendants or legal determinations with respect to individual Class Members which would, as a practical matter, be dispositive of the interest of the other Class Members not parties to adjudications or which would substantially impair or impede the ability of the Class Members to protect their interests.

80.     Further, the claims of the individual Class Members are not sufficiently large to warrant vigorous individual prosecution considering the concomitant costs and expenses attending thereto.  As such, the Class Members identified above are maintainable as a class under section 382 of the Code of Civil Procedure.

**VI.    EXHAUSTION OF REMEDIES**

81.     Plaintiff has fully and completely exhausted administrative remedies under PAGA prior to proceeding with the PAGA claims stated in this complaint.  Plaintiff filed a PAGA notice online with the Labor Workforce Development Agency ("LWDA") and sent a letter by certified mail to Defendants setting forth the facts and theories of the violations alleged against Defendants, as prescribed by PAGA.  (Lab. Code, §§ 2698–2699.6.)

82.     As required by PAGA, Plaintiff submitted the $75.00 filing fee with the LWDA by regular mail.  Pursuant to Labor Code section 2699.3, subdivision (a)(2)(A), no notice was

1   received by Plaintiff from the LWDA evidencing its intention to investigate within sixty-five

2   calendar days of the postmark date of the PAGA notice.  Plaintiff is therefore entitled to commence

3   and proceed with a civil action pursuant to Labor Code section 2699.

4   **VII.    CAUSES OF ACTION**

5   **First Cause of Action**

6   *Failure to Pay All Minimum Wages*

7   *(Against All Defendants)*

8         83.    Plaintiff realleges and incorporates by reference all previous paragraphs.

9         84.    Section 4 of the Applicable Wage Orders and Labor Code section 1197 establish

10   the right of employees to be paid minimum wages for all hours worked, in amounts set by state

11   law.  (Lab. Code, § 1197; Cal. Code of Regs., tit. 8, §§ 11130, 11140.)  Labor Code sections 1194,

12   subdivision (a), and 1194.2, subdivision (a), provide that an employee who has not been paid the

13   legal minimum wage as required by Labor Code section 1197 may recover the unpaid balance,

14   together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal

15   to the unpaid wages and interest accrued thereon.

16         85.    Here, Defendants failed to fully conform their pay practices to the requirements of

17   the law during the relevant statutory periods.  Plaintiff and the other Class Members were not

18   compensated for all hours worked including, but not limited to, all hours they were subject to the

19   control of Defendants and/or suffered or permitted to work under the Labor Code and the

20   Applicable Wage Orders.

21         86.    Labor Code section 1198 makes unlawful the employment of an employee under

22   conditions that the IWC Wage Orders prohibit.  Labor Code sections 1194, subdivision (a), and

23   1194.2, subdivision (a), provide that an employer who has failed to pay its employees the legal

24   minimum wage is liable to pay those employees the unpaid balance of the unpaid wages as well

25   as liquidated damages in an amount equal to the wages due and interest thereon.

26         87.    As a direct and proximate result of Defendants' unlawful conduct as alleged herein,

27   Plaintiff and the other Class Members have sustained economic damages, including but not limited

28

to unpaid wages and lost interest, in an amount to be established at trial, and they are entitled to recover economic and statutory damages and penalties and other appropriate relief because of Defendants' violations of the Labor Code and Applicable Wage Orders.

88. Defendants' practices and policies regarding illegal employee compensation are unlawful and create an entitlement to recovery by Plaintiff and the other Class Members in a civil action for the unpaid amount of minimum wages, liquidated damages, including interest thereon, statutory penalties, attorney' s fees, and costs of suit according to Labor Code sections 204, 218.5, 1194, 1194.2, 1197, and 1198, and Code of Civil Procedure section 1021.5.

## Second Cause of Action

*Failure to Pay All Overtime Wages*

*(Against All Defendants)*

89. Plaintiff realleges and incorporates by reference all previous paragraphs.

90. This cause of action is brought pursuant to Labor Code sections 204, 510, 1194, and 1198, which provide that non-exempt employees are entitled to overtime wages for all overtime hours worked and provide a private right of action for the failure to pay all overtime compensation for overtime work performed.  At all times relevant herein, Defendants were required to properly pay Plaintiff and the other Class Members for all overtime wages earned pursuant to Labor Code section 1194 and the Applicable Wage Orders.  Defendants caused Plaintiff and the other Class Members to work overtime hours but did not compensate them at one and one-half times their regular rate of pay for such hours in accordance with California law. Likewise, Defendants caused Plaintiff and the other Class Members to work double-time hours but did not compensate them at twice their regular rate of pay for such hours in accordance with California law.

91. Defendants failed to fully conform their pay practices to the requirements of California law.  This unlawful conduct includes but is not limited to Defendants' uniform and unlawful pay policies and practices of failing to accurately record all the time that non-exempt employees were under the supervision and control of Defendants.  The foregoing policies and

1   practices are unlawful and allow Plaintiff and the other Class Members to recover in a civil action

2   the unpaid amount of overtime premiums owing, including interest thereon, statutory penalties,

3   attorney's fees, and costs of suit according to Labor Code section 204, 510, 1194, and 1198, the

4   Applicable Wage Orders, and Code of Civil Procedure section 1021.5.

5   **Third Cause of Action**

6   *Failure to Provide Rest Periods and Pay Missed Rest Period Premiums*

7   *(Against All Defendants)*

8   92.   Plaintiff realleges and incorporates by reference all previous paragraphs.

9   93.   Section 12 of the Applicable Wage Orders, and Labor Code section 226.7 establish

10   the right of employees to be provided with a rest period of at least ten minutes for each four hour

11   period worked, or major fraction thereof.  (See Cal. Code of Regs., tit. 8, §§ 11130, 11140.)

12   94.   Due to Defendants' unlawful rest period policies and practices described in detail

13   above, Defendants did not authorize and permit Plaintiff and the other Class Members to take all

14   rest periods to which they were legally entitled.  Despite Defendants' violations, Defendants have

15   not paid an additional hour of pay to Plaintiff and the other Class Members at their respective

16   regular rates of pay for each violation, in accordance with California Labor Code section 226.7.

17   95.   The foregoing violations create an entitlement to recovery by Plaintiff and the other

18   Class Members in a civil action for the unpaid amount of rest period premiums owing, including

19   interest thereon, statutory penalties, and costs of suit pursuant to the Applicable Wage Orders, and

20   California Labor Code section 226.7.

21   **Fourth Cause of Action**

22   *Failure to Provide Meal Periods and Pay Missed Meal Period Premiums*

23   *(Against All Defendants)*

24   96.   Plaintiff realleges and incorporates by reference all previous paragraphs.

25   97.   Plaintiff is informed and believes and thereon alleges, that Defendants failed in

26   their affirmative obligation to provide their hourly non-exempt employees, including Plaintiff and

27   the other Class Members, with all required meal periods in accordance with the mandates of the

28

FIRST AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT

1  Labor Code and the Applicable Wage Orders, for the reasons set forth herein above.  Despite

2  Defendants' violations, Defendants have not paid an additional hour of pay to Plaintiff and the

3  other Class Members at their respective regular rates of pay for each violation, in accordance with

4  California Labor Code section 226.7.

5       98.    As a result, Defendants are responsible for paying premium compensation for meal

6  period violations, including interest thereon, statutory penalties, and costs of suit pursuant to the

7  Applicable Wage Orders and Labor Code sections 226.7 and 512, and Civil Code sections 3287,

8  subdivision (b), and 3289.  (See Cal. Code of Regs., tit. 8, §§ 11130, 11140.)

9  **Fifth Cause of Action**

10  *Failure to Maintain Accurate Employment Records*

11  *(Against All Defendants)*

12       99.    Plaintiff realleges and incorporates by reference all previous paragraphs.

13       100.    Pursuant to California Labor Code section 1174, subdivision (d), an employer shall

14  keep at a central location in the state or at the plants or establishments at which employees are

15  employed, payroll records showing the hours worked daily by and wages paid to employees

16  employed at the respective plants or establishments.  These records must be kept in accordance

17  with rules established for this purpose by the commission, but in any case shall be kept on file for

18  not less than two years.

19       101.    Labor Code section 1174.5 imposes a civil penalty of $500 for an employer's

20  failure to maintain accurate and complete records.

21       102.    Defendant has intentionally and willfully failed to keep accurate and complete

22  records showing the hours worked daily and wages paid to Plaintiff and the other Class Members.

23  Thus, Plaintiff and the other Class Members have been denied their legal right and protected

24  interest in having available at a central location at the plant or establishment where they are

25  employed, accurate and complete payroll records showing the hours worked daily by, and the

26  wages paid to, employees at those respective locations pursuant to Labor Code 1174.

27

28

First Amended Class and PAGA Representative Action Complaint

**Sixth Cause of Action**

*Failure to Pay Wages Timely during Employment*

*(Against All Defendants)*

103.    Plaintiff realleges and incorporates by reference all previous paragraphs.

104.    Labor Code section 200 provides that "wages" include all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, pieces, commission basis, or other method of calculation.  Labor Code section 204 states that all wages earned by any person in any employment are payable twice during the calendar month and must be paid not more than seven days following the close of the period when the wages were earned.  Labor Code section 210, subdivision (a), makes employers who violate Labor Code section 204 subject to a penalty of $100 for any initial failure to timely pay each employee's full wages and $200 for each subsequent violation, plus 25% of the amount unlawfully withheld.

105.    Labor Code section 216 establishes that it is a misdemeanor for any person, with regards to wages due, to "falsely deny the amount or validity thereof, or that the same is due, with intent to secure himself, his employer or other person, any discount upon such indebtedness, or with intent to annoy, harass, oppress, hinder, delay, or defraud, the person to whom such indebtedness is due."

106.    Defendants as a matter of established company policy and procedure in the State of California, scheduled, required, suffered, and/or permitted Plaintiff and the other Class Members, to work without full compensation, to work without legally-compliant off-duty meal periods, to work without legally-compliant off-duty rest periods, and thereby failed to fully pay Plaintiff and the other Class Members within seven days of the close of payroll, as required by law.

107.    Defendants, as a matter of established company policy and procedure in the State of California, falsely deny they owe Plaintiff and the other Class Members these wages, with the intent of securing for itself a discount upon its indebtedness and/or to annoy, harass, oppress, hinder, delay, and/or defraud Plaintiff and the other Class Members.

FIRST AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT

108.    Defendants' pattern, practice, and uniform administration of its corporate policy of illegally denying employees compensation, as described herein, is unlawful and entitles Plaintiff and the other Class Members to recover, pursuant to Labor Code section 218, the unpaid balance of the compensation owed to them in a civil action and any applicable penalties, attorney fees, and interest owed to them pursuant to Labor Code sections 210 and 218.5.

**<u>Seventh Cause of Action</u>**

*Failure to Pay All Wages Earned and Unpaid at Separation*

*(Against All Defendants)*

109.    Plaintiff realleges and incorporates by reference all previous paragraphs.

110.    Labor Code sections 201 and 202 of the California Labor Code require Defendants to pay all compensation due and owing to its former employees (including the formerly-employed Class Members) at or around the time that their employment is or was terminated, or ended.

111.    Section 203 of the Labor Code provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Sections 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty workdays.

112.    Due to Defendants' faulty pay policies, those Class Members whose employment with Defendants has concluded were not compensated for each and every hour worked at the appropriate rate.  Defendants have willfully failed to pay those formerly-employed Class Members whose sums were certain at the time of termination within seventy-two hours of their resignation and have failed to pay those sums for thirty days thereafter as required by Labor Code sections 201 through 203.

113.    As a result, Defendants are liable to the formerly-employed Class Members for waiting time penalties amounting to thirty days wages for the formerly-employed Class Members pursuant to Labor Code section 203.  (See, e.g., DLSE Manual, § 4.3.4 [failure to pay any sort of wages due upon termination entitles an employee to recover waiting time penalties].)

FIRST AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT

**Eighth Cause of Action**

*Failure to Indemnify All Necessary Business Expenditures*

*(Against All Defendants)*

114.    Plaintiffs reallege and incorporate by reference all previous paragraphs.

115.    California Labor Code Section 2802 states that employers must "indemnify" an employee for "all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer." Likewise, Labor Code section 2804 states that "any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof, is null and void, and this article shall not deprive any employee or his personal representative of any right or remedy to which he is entitled under the laws of this State."

116.    Here, Plaintiffs and the other Class Members paid out of pocket for necessary business expenditures incurred as a direct consequence and requirement of performing their job duties, including the costs associated with their personal cell phone they required to perform their work.  Despite knowing that Plaintiffs and the other Class Members incurred these necessary business expenses, and requiring Plaintiffs and the other Class Members to use such items, Defendants did not reimburse them.

117.    Thus, Plaintiffs and the other Class Members are entitled to recover the cost of such necessary business expenses, plus interest from the date each incurred such business expenses, plus fees and costs.  (Lab. Code, § 2802, subds. (b), (c).)

**Ninth Cause of Action**

*Failure to Furnish Accurate Itemized Wage Statements*

*(Against All Defendants)*

118.    Plaintiff realleges and incorporates by reference all previous paragraphs.

119.    Labor Code section 226, subdivision (a), obligates employers, semi-monthly or at the time of each payment to furnish an itemized wage statement in writing showing:

(1)    The gross wages earned;

29

FIRST AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT

1      (2)  The total hours worked by the employee;

2      (3)  The number of piece-rate units earned and any applicable

3     piece rate if the employee is paid on a piece rate basis;

4      (4)  All deductions, provided that all deductions made on written

5     orders of the employee may be aggregated and shown as one item;

6      (5)  The net wages earned;

7      (6)  The inclusive dates of the period for which the employee is

8     paid;

9      (7)  The name of the employee and only the last four digits of his

10    or her social security number or an employee identification number

11    other than a social security number;

12     (8)  The name and address of the legal entity that is the employer;

13    and

14     (9)  All applicable hourly rates in effect during the pay period

15    and the corresponding number of hours worked at each hourly rate

16    by the employee.

17   120.  As set forth above, Defendants issued and continues to issue wage statements to its

18 non-exempt employees including Plaintiff and the other Class Members that are inadequate under

19 Labor Code section 226, subdivision (a).  By failing to pay Plaintiff and the other Class Members

20 properly as described above, Defendants failed to include required information on their wage

21 statements, including, but not limited to, the gross wages earned, the net wages earned in violation

22 of Labor Code section 226, subdivision (a).

23   121.  Defendants' failure to comply with Labor Code section 226, subdivision (a), of the

24 Labor Code was knowing and intentional.  (Lab. Code, § 226, subd. (e)).

25   122.  As a result of Defendants' issuance of inaccurate itemized wage statements to

26 Plaintiff and the other Class Members in violation of Labor Code section 226, subdivision (a),

27 Plaintiff and the other Class Members are each entitled to recover an initial penalty of $50, and

28

FIRST AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT

1   subsequent penalties of $100, up to an amount not exceeding an aggregate penalty of $4,000 per

2   Plaintiff and per each Class Member from Defendants pursuant to Labor Code section 226,

3   subdivision (e), along with costs and reasonable attorneys' fees.

4   **Tenth Cause of Action**

5   *Violations of California's Unfair Competition Law*

6   *(Against All Defendants)*

7       123.    Plaintiff realleges and incorporates by reference all previous paragraphs.

8       124.    Defendants have engaged and continue to engage in unfair and/or unlawful business

9   practices in California in violation of California Business and Professions Code section 17200

10  through 17210, by committing the unlawful acts described above.  Defendants' utilization of these

11  unfair and unlawful business practices deprived and continue to deprive Plaintiff and the other

12  Class Members of compensation to which they are legally entitled.  These practices constitute

13  unfair and unlawful competition and provide an unfair advantage over Defendants' competitors

14  who have been and/or are currently employing workers and attempting to do so in honest

15  compliance with applicable wage and hour laws.

16      125.    Because Plaintiff is a victim of Defendants' unfair and unlawful conduct alleged

17  herein, Plaintiff for himself and on behalf of the Class Members, seeks full restitution of monies,

18  as necessary and according to proof, to restore any and all monies withheld, acquired and/or

19  converted by Defendants pursuant to Business and Professions Code sections 17203 and 17208.

20      126.    The acts complained of herein occurred during the Class Period and are continuing

21  into the present and ongoing.

22      127.    Plaintiff was compelled to retain the services of counsel to file this Court action to

23  protect his interests and those of the Class Members, to obtain restitution and injunctive relief on

24  behalf of Defendants' current non-exempt employees and to enforce important rights affecting the

25  public interest.  Plaintiff has thereby incurred the financial burden of attorneys' fees and costs,

26  which Plaintiff is entitled to recover under Code of Civil Procedure section 1021.5.

27

28

FIRST AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT

**Eleventh Cause of Action**

*Penalties Pursuant to PAGA for Violations of <u>California Labor Code Sections</u>*

<u>*201*</u>, <u>*202*</u>, <u>*203*</u>, <u>*204*</u>, <u>*210*</u>, <u>*226*</u>, <u>*226.3*</u>, <u>*226.7*</u>, <u>*510*</u>, <u>*512*</u>, <u>*1174*</u>, <u>*1185*</u>, <u>*1194*</u>, <u>*1194.2*</u>,

<u>*1197*</u>, <u>*1197.1*</u>, <u>*1198*</u>, <u>*1198.5*</u>, <u>*1199*</u>, *and Other Provisions of the Labor Code*

*(Against All Defendants)*

128.    Plaintiff realleges and incorporates by reference all previous paragraphs.

129.    Based on the above allegations incorporated by reference, Defendants violated Labor Code sections 201, 202, 203, 204, 210, 226, 226.3, 226.7, 510, 512, 1174, 1185, 1194, 1194.2, 1197, 1197.1, 1198, 1198.5, 1199, and others that may be applicable; and the Applicable Wage Orders (<u>Cal. Code of Regs., tit. 8, §§ 11130</u>, <u>11140</u>), and others that may be applicable.

130.    As a result of the acts alleged above, Plaintiff seeks penalties under Labor Code sections 2698 through 2699.6 because of Defendants' violation of Labor Code sections 201, 202, 203, 204, 210, 226, 226.3, 226.7, 510, 512, 1174, 1185, 1194, 1194.2, 1197, 1197.1, 1198, 1198.5, 1199, and others that may be applicable; and the Applicable Wage Orders (<u>Cal. Code of Regs., tit. 8, §§ 11130</u>, <u>11140</u>), and others that may be applicable.

131.    Under Labor Code section 2699, subdivision (f)(2), and 2699.5, for each such violation, Plaintiff and the Aggrieved Employees are entitled to penalties in an amount to be shown at the time of trial subject to the following formula:

        A.    $100 for the initial violation per employee per pay period; and

        B.    $200 for each subsequent violation per employee per pay period.

132.    These penalties must be allocated seventy-five percent to the Labor and Workforce Development Agency ("LWDA") and twenty-five percent to the affected employees.  These penalties may be stacked separately for each of Defendants violations of the California Labor Code.  (*Lopez v. Friant & Associates, LLC* (2017) <u>15 Cal.App.5th 773, 780</u>–781 [citing with approval *Stoddart v. Express Services, Inc.* (E.D. Cal., Sept. 16, 2015, No. 2:12-CV-01054-KJM) <u>2015 WL 5522142</u>, at *9, for the proposition that plaintiff could pursue separate claims for penalties under Labor Code section 226, subdivision (e), and penalties for Labor Code section 226,

FIRST AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT

subdivision (a), violations]; see also *Hernandez v. Towne Park, Ltd.* (C.D. Cal., June 22, 2012, No. CV 12-02972 MMM JCGX) 2012 WL 2373372, at *17 fn. 70 [noting that federal courts applying California law have found that "PAGA penalties can be stacked, i.e., multiple PAGA penalties can be assessed for the same pay period for different Labor Code violations."], internal quotation marks omitted).

133. In addition, to the extent permitted by law, Defendants failed to provide Plaintiff and all Aggrieved Employees with accurate itemized wage statements in compliance with Labor Code section 226, subdivision (a). Plaintiff seeks separate PAGA penalties for Defendants' violations of Labor Code section 226, subdivisions (a) and (e). (*Lopez v. Friant & Associates, LLC*, *supra*, 15 Cal.App.5th at pp. 780, 788.)

134. For violations of Labor Code section 226, subdivision (a), Plaintiff seeks the default penalty provided by Labor Code section 226.3. Labor Code section 226.3 provides that "[a]ny employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial violation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the required in subdivision (a) of Section 226." Accordingly, through PAGA and to the extent permitted by law Plaintiff and the Aggrieved Employees are entitled to recover penalties for violations of Labor Code section 226.3 and seeks default PAGA penalties for each of Defendants' numerous violations of Labor Code section 226, subdivision (e).

135. Labor Code section 210 provides that "in addition to, an entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections . . . 204 . . . shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25% of the amount unlawfully withheld." As a result

FIRST AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT

1    of the faulty compensation policies and practices, Plaintiff and the Aggrieved Employees are also

2    entitled to recover penalties under Labor Code section 210 through PAGA.

3        136.    Labor Code section 1197.1 authorizes a civil penalty, restitution of wages, and

4    liquidated damages, in the amount of: (1) one hundred dollars ($100) for any initial violation that

5    is intentionally committed for each underpaid employee for each pay period for which the

6    employee is underpaid, and (2) two hundred fifty dollars ($250) for each subsequent violation for

7    the same specific offense for each underpaid employee for each pay period for which the employee

8    is underpaid regardless of whether the initial violation is intentionally committed.  Accordingly,

9    through PAGA and to the extent permitted by law, Plaintiff and the Aggrieved Employees are

10    entitled to recover pursuant to Labor Code section 1197.1.

11        137.    Plaintiff was compelled to retain the services of counsel to file this action to protect

12    his interests and those of the Aggrieved Employees, and to assess and collect the wages and

13    penalties owed by Defendants.  Plaintiff has thereby incurred attorneys' fees and costs, which

14    Plaintiff is also entitled to recover under Labor Code section 2699, subdivision (g)(1).

15    **VIII.    DEMAND FOR JURY TRIAL**

16        138.    Plaintiff hereby demands trial by jury of Plaintiff's and the Class Members' claims

17    against Defendants.

18    **IX.    PRAYER FOR RELIEF**

19        Plaintiff prays for judgment for himself and for all others on whose behalf this suit is

20    brought against Defendants, as follows:

21    **1.**    For an order certifying the proposed class;

22    **2.**    For an order appointing Plaintiff as representative of the class;

23    **3.**    For an order appointing Plaintiff's counsel as counsel for the class;

24    **4.**    For the failure to pay all minimum wages, compensatory, consequential, general,

25    and special damages according to proof pursuant to Labor Code sections 1194, 1194.2, 1197, and

26    others as may be applicable;

27

28

FIRST AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT

1    **5.**      For the failure to pay all overtime wages, compensatory, consequential, general,

2    and special damages according to proof pursuant to Labor Code sections 204, 510, 1194, 1198,

3    and others as may be applicable;

4    **6.**      For the failure to provide rest periods and pay missed rest period premiums,

5    compensatory, consequential, general, and special damages according to proof pursuant to Labor

6    Code section 226.7;

7    **7.**      For the failure to provide meal periods and pay missed meal period premiums,

8    compensatory, consequential, general, and special damages according to proof pursuant to Labor

9    Code sections 226.7 and 512;

10    **8.**      For the failure to maintain accurate employment records, penalties pursuant to

11    Labor Code sections 226.3, 1174.5, and others that may be applicable;

12    **9.**      For the failure to pay wages timely during employment, the unpaid balance of the

13    compensation owed to Plaintiff and the other Class Members and any applicable penalties owed

14    to them pursuant to Labor Code section 210;

15    **10.**      For the failure to pay all wages earned and unpaid at separation, statutory waiting

16    time penalties pursuant to Labor Code sections 201 through 203, for the Class Members who quit

17    or were fired in an amount equal to their daily wage multiplied by thirty days, as may be proven;

18    **11.**      For the failure to indemnify all necessary business expenditures, all unreimbursed

19    business expenses, and interest thereon, that are owed, pursuant to Labor Code section 2802, and

20    attorney fees, pursuant to Labor Code section 2802, subdivision (c);

21    **12.**      For the violations of California's Unfair Competition Law, restitution to Plaintiff

22    and the other Class Members of all money and/or property unlawfully acquired by Defendants by

23    means of any acts or practices declared by this Court to be in violation of Business and Professions

24    Code sections 17200 through 17210;

25    **13.**      For the claim of penalties pursuant to PAGA and other provisions of the California

26    Labor Code, a civil penalty in the amount of $100 for the initial violation and $200 for each

27    subsequent violation as specified in Labor Code section 2699, subdivision (f)(2), in the

28

FIRST AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT

1   representative action brought on behalf of Plaintiff and the Aggrieved Employees pursuant the

2   Labor Code Private Attorneys General Act of 2004, and for civil penalties available under Labor

3   Code section 210;

4        **14.**    Prejudgment interest on all due and unpaid wages pursuant to Labor Code section

5   218.6 and Civil Code sections 3287 and 3289;

6        **15.**    On all causes of action for which attorneys' fees may be available, for attorneys'

7   fees and costs as provided by Labor Code sections 218.5, 226, Code of Civil Procedure section

8   1021.5, and others as may be applicable;

9        **16.**    For an order enjoining Defendants, and each of them, and their agents, servants,

10   and employees, and all persons acting under, in concert with, or for them, from acting in derogation

11   of any rights or duties adumbrated in this complaint; and

12        **17.**    For such other and further relief, this Court may deem just and proper.

13   Dated: June 20, 2022           **BOKHOUR LAW GROUP, P.C.**

14

15                   /s/ *Mehrdad Bokhour*

                      **MEHRDAD BOKHOUR**

16                **ANWAR D. BURTON**

                      Attorneys for Plaintiff, the Putative Class, and

17                the Aggrieved Employees

18

19

20

21

22

23

24

25

26

27

28

First Amended Class and PAGA Representative Action Complaint

51968541.v1-OGLETREE